1 [TOBIAS, J.,
concurring with reasons.
I respectfully concur in order to assign additional reasons in support of the majority’s conclusion that the judgment should be vacated.
Under La. C.C.P. art. 930, “evidence may be introduced to support or controvert [the declinatory exception of venue] ... when the grounds thereto do not appear from the petition, the citation, or return thereon.” I read this article to mean that evidence should be formally introduced into the record at a hearing on a declinatory exception, unless the parties clearly agree or stipulate otherwise.
In his original petition filed on 19 December 2002, the plaintiff failed to allege any grounds to establish that Plaquemines Parish was a proper venue. On 3 February 2003, the defendant filed its exception to venue, supplementing same with a memorandum of law in support filed on 10 April 2003, to which was attached the affidavit of Captain Nelson dated 18 March 2003 stating that “The MW LORI D was located at approximately 29 25' North Latitude and 89 10' West Longitude, in Main Pass Block 52, when the MTV LORI D encountered, without warning, a freak wave.” On 11 *476 April 2003, the plaintiff filed his first supplemental and amending petition, alleging that the accident occurred in Plaquemines Parish. On 16 April 2003, the defendant filed another exception of venue, asserting that the wrongful conduct occurred neither in Plaquemines Parish Lnor the territorial waters of Louisiana; a rule to show cause setting the exception for hearing was also filed that same day. On 16 April 2003, the defendant noticed the deposition of Captain Nelson for 22 April 2003. The deposition was in fact held on 22 April 2003, and counsel for plaintiff was present as evidenced by the Plaintiffs Exhibit “B” attached to his 23 June 2003 opposition to the exception of venue.
In his deposition of 22 April 2003, Captain Nelson corrected his affidavit by viewing a full-sized NOAA chart, stating that the location of the accident was 29 24' 4" north latitude and 89 T 4" west longitude. That location is outside Plaquemines Parish and Louisiana territorial waters.
For the trial court to refuse to consider the deposition, which was fully known to the plaintiffs counsel, and in view of the failure of the plaintiff to formally introduce the 18 March 2003 affidavit of Captain Nelson (although attached to a pleading), is an abuse of discretion. Fairness dictates that the trial court consider all relevant evidence on the hearing of a motion when no one is surprised by its existence or its consideration is sought. We are required to vacate the judgment of the trial court. La. C.C.P. art. 2164.